IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TERRY KIELISCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 121-011 |
| | ) | |
| LINCOLN COUNTY JAIL, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On January 19, 2021, the Clerk of Court filed a complaint submitted by Plaintiff and issued a deficiency notice because Plaintiff had neither submitted the $402.00 filing fee or a motion to proceed *in forma pauperis* ("IFP"). (See doc. nos. 1, 2; Loc. R. 4.1.) The deficiency notice explained Plaintiff had twenty-one days to pay the filing fee or submit an IFP motion. (Doc. no. 2.) On February 2, 2021, the deficiency notice was returned with a notation the mail was not deliverable as addressed. (Doc. no. 3.)

Upon examination of the docket and the complaint, the Court determined the Clerk had docketed an incorrect address for Plaintiff, resulting in the deficiency notice going to a jail where Plaintiff was no longer incarcerated. (See doc. no. 5.) The Court directed the Clerk to update Plaintiff's address on the docket in accordance with the location information Plaintiff provided in his complaint and issue a new deficiency notice resetting a twenty-one-day compliance deadline for paying the full filing fee or submitting an IFP motion.

Plaintiff has not responded to the second deficiency notice.  In fact, the notice was returned to the Clerk of Court as "Refused, Unable to Forward." (See doc. no. 6.)

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (per curiam) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").  Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness."  Loc. R. 41.1 (b) & (c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned."  Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (per curiam) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to submit the filing fee or a motion to proceed IFP amounts not only to a failure to prosecute and a violation of Local Rule 4.1, but also an abandonment of this case.  This is precisely the type of neglect contemplated by the Local Rules.  Moreover, Plaintiff's failure to provide a valid address saddles the Court with a stagnant case in which

no communication with Plaintiff seems possible.  Because Plaintiff did not submit the filing fee, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

In sum, the time to respond has passed, and Plaintiff has not submitted the required filing fee or IFP motion, and because there is no valid address on file, the Court has no way of communicating with him.  Therefore, the Court **REPORTS** and **RECOMMENDS** the case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 25th day of February, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA